This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

**v.** No. 32,360

**DEJACKA STAPLETON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from the revocation of his probation, arguing that his rights allotted him under Rule 5-805 NMRA and the New Mexico Constitution were violated. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

On appeal, Defendant challenged the delay between (1) the filing of the November 23, 2011, probation violation report and the State's motion to revoke his probation filed on February 29, 2012, and (2) the filing of the November 23, 2011, probation violation report and the setting of his conditions of release on March 5, 2012. [CN 2] In this Court's calendar notice, we pointed out that the district court had dismissed the State's motion to revoke probation premised on the November 23, 2011, probation violation report. [CN 3] We further noted that the State's subsequent motions to revoke were timely filed from new probation violation reports and did not appear to suffer from the same delays. [CN 4] We noted that, to the extent Defendant was arguing that the delays related to the November probation report had tainted the subsequent motions to revoke probation, Defendant had provided no authority to support his argument. [CN 4] We pointed out that where a party cites no authority to support an argument, this Court will assume no such authority exists. [CN 4 (citing *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984))] In his

memorandum in opposition, Defendant still fails to provide this Court with any authority to support his argument. [MIO 5] Accordingly, we affirm. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

For the foregoing reasons, and for those stated int his Court's calendar notice, we affirm the district court's revocation of Defendant's probation.

**IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Chief Judge**


_____

**M. MONICA ZAMORA, Judge**